(No. 3115—

CHARLOTTE P. MARCHAND, EUGENIE P. CUSSON, MERCEDES P. CAMERON AND JULES POULIN, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 15, 1939.*

CHARLES W. FIRKE, for claimants.

JOHN E. CASSIDY, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

*Per Curiam:*

The complaint was filed in this cause on August 23, 1937 and an amendment thereto was filed on October 4, 1937.

The facts as they appear from the stipulation are that the claimants, Charlotte P. Marchand, Eugenie P. Cusson, Mercedes P. Cameron and Jules Poulin were heirs at law of Edward Armstrong, who died on December 12, 1922, a resident of Adams County, State of Illinois; that at the time of Armstrong's death, he left no father or mother him surviving, no widow or children, or descendents of a deceased child or children him surviving; that in his lifetime he had one sister, Amelia Armstrong, and had no other brothers or sisters; that his sister, Amelia Armstrong died in the year of 1918, and at the time of her death, she left no husband her surviving, but did leave as children, the claimants; that at the time of Armstrong's death, the claimants were residents of the Dominion of Canada. It further appears from the stipulation

of the parties that the estate of Edward Armstrong was administered by P. J. Schlagenhauf, who had been duly appointed administrator by the county court of Adams County; that an inheritance tax proceeding was instituted before the county judge of Adams County, and on April 15, 1924, an order was entered in said proceedings appraising the fair cash market value of the net estate at $2,221.11 and assessing a tax of $212.11 on the basis that said net estate escheated to the County of Adams, and that said transfer was taxable at the rate of ten per cent after the allowance of an exemption of $100.00; that on the 17th day of April, 1924, the administrator paid said tax to the county treasurer of Adams County.

It further appears from the stipulation of the parties that on May 8, 1924, after deducting the costs and fees allowed by the county judge as incidental to proceedings, and the county treasurer's commission, the county treasurer of Adams County remitted to the state treasurer the sum of $170.64 in discharge of said inheritance tax; that the claimants had no knowledge of Edward Armstrong's death nor notice of the proceedings to assess an inheritance tax in said estate; that in 1936, claimants first learned of the death of Edward Armstrong, the administration of his estate, its escheat to the County of Adams and the assessment and payment of the inheritance tax as above set forth.

It further appears from the stipulation that on May 6, 1936, after a hearing in the county court of Adams County, an order was entered establishing claimants as the heirs of Edward Armstrong and directing the county treasurer to pay over to them the estate escheated to the county; that on September 13, 1937, after a hearing upon the petition filed by claimants to reassess the inheritance tax in the estate of Edward Armstrong, an order was entered by the county court of Adams County reassessing said tax on the basis of a net estate of $2,221.11, passing to claimants as nephews and nieces of Edward Armstrong, deceased, as follows:

| Beneficiary, relationship and description of property | Appraised Fair Market Value | Statutory exemption | Taxable Cash Value | Tax Fixed | Rate |
|---|---|---|---|---|---|
| Charlotte P. Marchand........ | 555.27 | 500.00 | 55.27 | 3.12 | 6% |
| Eugenie P. Cusson............ | 555.28 | 500.00 | 55.28 | 3.12 | 6% |
| Mercedes P. Cameron......... | 555.28 | 500.00 | 55.28 | 3.12 | 6% |
| Jules Poulin ................ | 555.28 | 500.00 | 55.28 | 3.12 | 6% |

It further appears from the stipulation that on September 23, 1937, the tax as so reassessed, plus accrued interest, was paid by claimants to the county treasurer of Adams County and remitted to the state treasurer.

It clearly appears that claimants are legal blood relatives of Edward Armstrong, and from the time of his death, and prior thereto, they had lived in the Dominion of Canada; that these claimants are the only heirs at law of the said Edward Armstrong, deceased; that they properly filed their petition in August, 1937, praying for a reassessment of the inheritance tax in the estate of Edward Armstrong on the basis of the net estate of $2,221.11, which they took as nephew and nieces of the said Armstrong; that on September 13, 1937, the county court of Adams County, Illinois, entered an order reassessing the inheritance tax as above set forth and on September 23 of the same year, these claimants paid to the county treasurer of Adams County, Illinois, the sum of $5.89 each, being the tax fixed of $3.12 plus 6% interest from the date of death of Edward Armstrong until such date of payment, making a total payment of $23.50; that this payment was remitted by the county treasurer of Adams County to the State Treasurer of Illinois.

This claim is to recover the sum of $170.64 paid under the personal assessment, which assessment was made under a mistake of fact.

All of these proceedings appear to have been regular.

The county court has jurisdiction of petitions for re-appraisement and reassessment of inheritance tax. *People* vs. *Talbot,* 339 Illinois, 333.

The proceeding for reassessment is in the nature of a bill of review which lies where decree was rendered either without jurisdiction of defendants or for mistake of fact. Under the original assessment there was a mutual mistake of fact. The court found the entire estate to be $2,221.11, with $100.00 exemption, leaving a taxable interest of $2,121.11 at 10%, a tax of $212.11 with interest due of $17.14, or a total tax of $229.25. After deducting the costs and fees allowed by the county judge as incidental to the proceeding and the county treasurer's commission, there was paid to the State Treasurer of Illinois by the County Treasurer of Adams County, Illinois, the sum of $170.64. The claimants are non-residents and never knew of this tax, never knew of the estate in fact, until

1936, when they took steps to establish their claim to the estate left by Edward Armstrong, deceased. The same was accordingly paid to them. On September 13, 1937, on petition by claimants to reassess the inheritance tax, the same was reassessed by the county court of Adams County, Illinois, finding that a smaller amount was due on the estate in view of the newly discovered facts of the relationship of claimants to Edward Armstrong.

The five year statute in the Court of Claims Act does not apply in this instance because claimants had no claim against the State until there was a reassessment of the tax by the county court. This reassessment was made on September 13, 1937, and the proper tax, as reassessed, has been paid. The difference between the amount of tax originally assessed and the amount subsequently assessed, is the sum of $170.64.

An award, therefore, is made to the claimants in the sum of $170.64.